IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**Sheila Muhammad**<br><br>**Debtor(s)** | Case No. 20-13931<br><br>Chapter 13 |
| **Sheila Muhammad**<br>Movant<br><br>vs.<br><br>US Bank Trust National Association, not in its Individual capacity, but solely as Trustee of LSFP9 Master Participation Trust<br><br>Respondent(s) | |

**STIPULATION IN SETTLEMENT OF MOTION TO DETERMINE VALUE AND RESOLUTION OF OBJECTION TO CONFIRMATION**

This Stipulation is made as of this _1st___ day of December, 2021, by and among Debtor, Sheila Muhammad and Lender, US Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust. Debtor and Lender are sometimes hereinafter referred to collectively as the "Parties" and each a "Party".

**Recitals**

A. WHEREAS, this Stipulation pertains to the property located at 7109 Phoebe Place Philadelphia, PA 19153 ("Subject Property") mortgage account ending with "0110";

B. WHEREAS, Debtor filed a Motion to Determine Value of the Subject Property, which was granted on 2/18/2021, docket #29;

C. WHEREAS, US Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust ("Lender") filed Proof of Claim #10 on 5/5/2021, with a total debt of $191,159.41;

D. WHEREAS, Lender filed an Objection to Confirmation on 5/4/2021, docket #38;

E. WHEREAS, Debtor filed a Motion to Determine Allowed Secured Claim on 6/30/2021, docket #52;

F. WHEREAS, Lender filed a Response in Opposition on 7/14/2021, docket #57;

G. WHEREAS, the Parties desire to settle all claims and matters between them related to the Objection to Confirmation and Motion to Determine Allowed Secured Claim, in accordance with the terms

and conditions of this Agreement;

NOW, THEREFORE, with the foregoing Recitals deemed incorporated herein by this reference as if set forth fully and at length, the Parties, intending to be legally bound by this Agreement, and in consideration of the mutual covenants and terms contained herein, agree as follows:

**Agreement**

1. <u>Value of Property</u>. The Subject Property is valued at $60,000.

2. <u>Statutory Liens.</u> The Subject Property has the following statutory liens:

    Water Revenue Bureau $875
    Water Revenue Bureau $14,146.92
    City of Philadelphia $1022.53
    PGW $10,239.71
    **Total: $26,284.16**

3. <u>Allowed Secured Claim</u>. Lender's allowed secured claim is $33,715.84 to be paid through the Chapter 13 Plan. The remainder of the claim shall be treated as unsecured.

4. <u>Interest Rate</u>. The interest rate shall be 5.25%.

5. <u>Total Amount to Be Paid</u>. Debtor's total payment shall be $38,400 (33,715.84 + 4,684.16 interest).

6. <u>Taxes and Insurance.</u> The Parties agree that the loan will be de-escrowed and that tax and insurance payments for the subject property will be paid by the Debtor directly.

7. <u>Discharge.</u> Both parties agree that once Debtor tenders $38,400 and is granted a discharge, Lender's secured lien will be deemed fully paid and the remaining balance of the mortgage will be deemed discharged.

8. <u>Satisfaction of Mortgage</u>. Within twenty (20) days after discharge, Lender shall mark the Mortgage satisfied with the Recorder of Deeds for Philadelphia County, Pennsylvania. In the event Lender fails to file a Satisfaction, the debtor and/or her counsel may record a certified or exemplified copy of this Order along with the bankruptcy discharge order with the recorder of deeds in which case same shall have the same force and effect of a discharge of mortgage. Lender shall reimburse Debtor and/or her attorney for reasonable fees and cost related to recordation.

9. <u>Successors and Assigns</u>. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

10. <u>Conversion and/or Dismissal.</u> Any dismissal of the Chapter 13 case or conversion to a Chapter 7 will result in a full reinstatement of Lender's lien (minus amount paid by trustee) and the Stipulation and Consent Order will be deemed void and of no effect.

11. The parties agree than an electronic signature shall be considered an original signature.

Dated:                              /s/ Michelle Lee
                                    Michelle Lee, Esq.
                                    Attorney for Debtor(s)


Dated: 12/1/2021                     /s/Rebecca A. Solarz
                                    Rebecca Solarz, Esq.
                                    Attorney for Lender

 No Objection - Without Prejudice to Any Trustee Rights or Remedies
 /s/ LeeAne O. Huggins   January 12, 2022
LeeAne Huggins, Esq.
Office of the Chapter 13
Standing Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| IN RE: | |
|---|---|
| Sheila Muhammad | Case No. 20-13931 |
| Debtor(s) | |
| Sheila Muhammad | Chapter 13 |
| Movant | |
| vs. | |
| US Bank Trust National Association, not in its Individual capacity, but solely as Trustee of LSFP9 Master Participation Trust | |
| Respondent(s) | |

ORDER

AND NOW, this          day of                    , 2021, it is hereby ORDERED that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

_____
Honorable Magdeline D. Coleman
United States Bankruptcy Judge