UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Sheila Muhammad, | : | |
|         Debtor. | : | Bankruptcy No. 20-13931-MDC |

# O R D E R

**AND NOW**, pursuant to the Application for Compensation (the "Application")[1] filed by Margolis Edelstein (the "Applicant"), counsel to Sheila Muhammad (the "Debtor"), the Applicant requests the allowance of compensation in the amount of $10,504.00 and reimbursement of expenses in the amount of $846.00.

**AND**, the Applicant was previously paid $350.00 by the Debtor (the "Pre-Paid Amount").

**AND**, attached to the Application is a Disclosure of Compensation Pursuant to F.R.B.P. 2016(b) (the "2016(b) Statement") disclosing that the Applicant agreed to accept $9,350.00 for its services to the Debtor, with the Pre-Paid Amount having already been paid.

**AND**, attached to the Application are the Applicant's time records reflecting all services performed in connection with the Applicant's representation of the Debtor, without indicating whether any such services were not included in the fee reflected in the 2016(b) Statement.

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . .,

---

[1] Bankr. Docket No. 105.

creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Consistent with the 2016(b) Statement, compensation is allowed in favor of the Applicant in the total amount of $9,350.00 (the "Allowed Compensation"), and reimbursable expenses are allowed in favor of the Applicant in the amount of $846.00 (the "Allowed Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing). The balance of the fees sought, in the amount of $1,154.00, are disallowed as inconsistent with the 2016(b) Statement.

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and the Allowed Expense, less the Pre-Paid Amount, as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated: September 30, 2022

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Georgette Miller, Esquire
Margolis Edelstein
The Curtis Center, Suite 400
170 S. Independence Mall W
Philadelphia, PA 19106

Kenneth E. West, Esquire
Chapter 13 Standing Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107